962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jessica STONE, an infant, by her mother and next friend,
Deana Stone; Deana Stone; Gerald Stone,
Plaintiffs-Appellants,
v.
Donald R. STOKER, M. D., Defendant-Appellee,
and
SPOTSYLVANIA HEALTH DEPARTMENT; Mary Washington Hospital,
Inc.; Medical College of Virginia, Virginia Commonwealth
University; T. Stacy Lloyd, Jr.; Frank Durcan, M. D.; Pratt
Clinic, Limited, Defendants.
 No. 91-2126.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1992
Decided: May 13, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton and T. S. Ellis, III, District Judges. (CA-90-1386-A)
 Before PHILLIPS and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 Bruce Jay Klores, Klores & Associates, Washington, D.C., for Appellants.
 Tara McCarthy, Slenker, Brandt, Jennings & Johnson, Merrifield, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED
 PER CURIAM:
 
 
 1
 Jessica Stone was born at Mary Washington Hospital in Fredericksburg, Virginia on September 30, 1983. Although she seemed relatively normal at birth, within about one and one-half hours Jessica began to experience seizures and later was diagnosed as having cerebral palsy, an unfortunate condition that has left her severely mentally and physically impaired.
 
 
 2
 On October 12, 1990, Deana Stone and Gerald Stone filed this diversity action on behalf of their daughter, Jessica, and themselves against Dr. Donald R. Stoker, the delivering physician, and others, alleging medical malpractice. The critical issue at trial was the determination of the cause of Jessica's condition. The Stones presented one expert who attempted to demonstrate that Dr. Stoker negligently failed to recognize and treat a condition which deprived Jessica's brain of oxygen during a period several days before birth, that lack of oxygen being the direct cause of the child's brain damage.
 
 
 3
 On the causation issue, Dr. Stoker called three witnesses: a child neurologist who treated Jessica for about thirty days after birth; a child neurologist who treated Jessica for some time beginning in December 1983; and a neonatologist, specializing in the treatment of premature or other high risk newborns, who testified as an expert. Each of these doctors contradicted the Stones' expert's opinion that the medical evidence suggested that a lack of blood to Jessica's brain caused her injuries.
 
 
 4
 The jury found in Dr. Stoker's favor and the Stones now appeal the district court's decision to allow the "cumulative" testimony of the defendant's three causation witnesses. According to the Stones, this in combination with the court's decision to limit the Stones to one expert witness on the question of damages was an abuse of the district court's discretion in the admission of evidence. Dr. Stoker responds that the testimony of the three doctors was not cumulative. Two of the witnesses were treating physicians who brought a unique and personal perspective to Jessica's condition shortly after birth. The third was a neonatologist who was called to testify as an expert with regard to the results of fetal heart monitoring performed during the period in which Dr. Stoker's alleged negligence was to have occurred. And regarding the district court's exclusion of cumulative testimony on the subject of damages, Dr. Stoker reminds the court that he did not contest at trial the nature or extent of Jessica's injuries, or the medical care that she would require in the future.
 
 
 5
 Rule 403 of the Federal Rules of Evidence provides that relevant evidence should be excluded only if
 
 
 6
 its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 7
 And "the appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge; absent extraordinary circumstances, the Courts of Appeals will not intervene in its resolution." United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.) (quoting United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir. 1982), cert. denied, 459 U.S. 1103 (1983)), cert. denied, 488 U.S. 908 (1988).
 
 
 8
 We cannot say on the record before us that the district court abused its discretion in deciding that the relevance of three doctors' testimony regarding causation was not "substantially outweighed by ... prejudice ... or needless presentation of cumulative evidence." See Fed.R.Evid. 403. Causation was the crucial element of the case and, in the district court's view, each witness offered a distinct insight to the question. Furthermore, the court did not limit the Stones' ability to call more than one witness to address the cause of Jessica's condition.
 
 
 9
 In contrast, the issue of damages was not contested at trial. The district court's decision to preclude repetitive testimony on that subject would appear to us to be entirely appropriate, and we disagree with the Stones' implicit argument that a district court must admit irrelevant or entirely cumulative evidence for the benefit of a party simply as a result of the court's having ruled against that party in a prior evidentiary ruling. Moreover, unlike the situation in Dartez v. Fibreboard Corp., 765 F.2d 456, 471-73 (5th Cir. 1985), on which the Stones rely heavily, the district court in this case did not impugn the competence of their counsel or admonish them to admit their fault. Nor did the district court abandon its role as the dispassionate, fair and impartial "governor of the trial." See Crandell v. United States, 703 F.2d 74, 78 (4th Cir. 1983). At bottom, we find no abuse of the discretion exercised by the district court in conducting this trial. The decision below, therefore, is affirmed.
 
 AFFIRMED